```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MALQUISUA MENDEZ,

                    Plaintiff,

        -against-                        MEMORANDUM AND ORDER
                                         10-CV-2573 (JS)(WDW)
MICHAEL SPOSATO, ACTING SHERIFF of
NASSAU COUNTY CORRECTIONAL CENTER,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Malquisua Mendez, Pro Se
                  09006664
                  Nassau County Correctional Center
                  100 Carman Avenue
                  East Meadow, NY 11554

For Defendants:   No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is incarcerated pro se Plaintiff Malquisua Mendez's ("Plaintiff") application to proceed in forma pauperis and Complaint alleging violation of his due process rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons that follow, the application to proceed in forma pauperis is GRANTED.

BACKGROUND

Plaintiff's sparse handwritten Complaint against Defendant Michael Sposato, the Acting Sheriff of Nassau County Correctional Center, alleges that his clothes were stolen from the jail clothing room some time after March 2, 2010. (Compl. at ¶ IV). Allegedly one "North Face" jacket, one "Ecko" sweatshirt, one black "Ecko" t-shirt, one pair of "Ecko" pants, and one pair of

"Nike" sneakers in total valuing $855.00 were taken. Id. Plaintiff seeks to recover that sum in this lawsuit. (Compl. at ¶ V).

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

### II. Application Of The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint

liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

   A. Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (2000). To state a claim under Section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Kamholtz v. Yates County, 350 Fed. Appx. 589, 591, 2009 WL 3463481, at *1 (2d

Cir. Oct. 29, 2009) (citing Rand v. Perales, 737 F.2d 257, 260 (2d Cir. 1984)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

    B.    Deprivation Of Property

Generally, confiscation of a prisoner's property without due process is a cognizable claim under 42 U.S.C. § 1983. See Lewis v. State of New York, 547 F.2d 4, 6 (2d Cir. 1976) (citing Kimbrough v. O'Neil, 523 F.2d 1057 (7th Cir. 1975); Carter v. Estelle, 519 F.2d 1136 (5th Cir. 1975); Hansen v. May, 502 F.2d 728 (9th Cir. 1974); see also Russell v. Bodner, 489 F.2d 280 (3d Cir. 1973) (holding that confiscation of cigarettes is a viable claim under Section 1983).

The Court has reviewed the Complaint and finds, at this early stage, that Plaintiff's due process claim is plausible. While it may be that Plaintiff is unable to prevail on his claim, the Court's uncertainty does not justify dismissal at this juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Accordingly, the application to proceed in forma pauperis is GRANTED and the United States Marshal for the Eastern District of New York is directed to serve the Complaint.

## CONCLUSION

Plaintiff's motion to proceed in forma pauperis is

4

GRANTED.  The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application.  The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York.  The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendant without prepayment of fees.  Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    June  22  , 2010
          Central Islip, New York